EDWARD JEWELL v. ROBERT L. HUTCHINSON.

A coroner may appoint a special deputy to execute a writ of replevin.

In replevin.

This was an action of replevin in the usual form. The defendant being sheriff of the county, the writ was directed to the coroners and executed by a special deputy appointed by one of the coroners, and the return was made in the name of all.

On the return of the writ the defendant moved to set aside the writ and return, on the ground that a writ of replevin directed to coroners, could not be legally executed by a deputy specially authorized by any one of the coroners. The case was certified into this court for its advisory opinion, and was argued before the CHIEF JUSTICE, and Justices ELMER and VAN DYKE.

In support of the rule, *F. Kingman.*

Contra, *J. F. Hageman.*

The opinion of the court was delivered by

ELMER, J. That an officer who acts ministerially may execute his office by means of a special deputy, has long been the established law. 7 *Vin. Ab.* 656 ; 1 *Salk.* 96 ;* 3 *Salk.* 252 ;† *Roll. Ab., tit. Deputy;* 3 *Burr.* 1259.‡ A coroner, in the execution of his duty as a conservator of the peace, in which capacity he holds inquests of death, acts judicially, and must act in person and not by deputy. *King* v. *Farrand,* 3 *Barn. & Ald.* 260. But in the execution of writs coroners acts ministerially, and, by the common law, must all join or their acts are void. *Jacob's L. Dic., tit. Coroners; Wimbest* v. *Willoughby,* 1 *Plow.* 73 ; 4 *Inst.* 271.

In 6 *Vin. Ab.* 245, citing *Jenk.* 85, *pl.* 65, it is laid down

---

\* *Parker* v. *Kett.*    † *Hutchins Serjeant's Case.*    ‡ *Medhurst* v. *Waite.*

that "a writ issued to the coroners to arrest A., the arrest is made by one of them or a servant of one of them, it is good, but the return of it ought to be in the name of them all; and warrant to the servant of one of them to make the arrest ought to be in the name of them all. A special deputy doth things only as a servant." *Clecott* v. *Dennys, Cro. Eliz.* 67.

The right of the sheriff to execute a writ by a special deputy was recognized in this state in the case of *Allen* v. *Smith,* 7 *Halst.* 159; and the same right we hold to exist in the cases of writs of attachment and replevin. *Morrel* v. *Gardner, Spenc.* 673.

It is provided by the second section of the act for the regulation of actions of replevin, *Nix. Dig.* 692,* that the writ may be executed and returned by any one of the coroners, as sheriffs are by law authorized or directed to execute and return the same. And the ninth section provides, that if any sheriff or coroner, to whom any writ of replevin shall be delivered, either by himself or his deputy or bailiff, shall make deliverance, &c., he shall forfeit, &c., thus treating the coroner as having the same power to act by deputy and as responsible for such acts precisely as is the sheriff.

I am therefore of opinion it should be certified to the Circuit Court that a writ of replevin, directed to coroners, may be legally executed by a deputy specially authorized by any one of said coroners.

Certificate accordingly.